UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JI ZHAO, and WEI ZHONG FENG, individually and on behalf of All Other Employees Similarly Situated,<br><br>                                                    Plaintiffs,<br><br>                    - against -<br><br>SAWA SUSHI 88 INC., a/k/a SAWA SUSHI, Hu Ming Zheng, a/k/a "Vincent" and "KiKi Wu",<br><br>                                                    Defendants. | Case No.<br><br>**29 U.S.C. § 216(B)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23 CLASS**<br>**ACTION**<br><br>**COMPLAINT** |

Plaintiffs Ji Zhao and Wei Zhong Feng (individually "Plaintiff" and collectively "Plaintiffs") on behalf of themselves and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Sawa Sushi 88 Inc., a/k/a Sawa Sushi, Hu Ming Zheng, a/k/a "Vincent", and "KiKi Wu" (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiffs on behalf of themselves and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, overtime compensation for all hours worked

over forty (40) each workweek; failing to provide wage notice at the time of hiring, and failing to provide correct wage statement with every payment of wages.

3.       Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) liquidated damages; (4) prejudgment and  post-judgment  interest; and (5)  attorneys' fees and costs.

4.       Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from  the Defendants:  (1) unpaid minimum wages; (2)  unpaid  overtime compensation, (3) unpaid spread of hours compensation, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid minimum wage and unpaid  overtime  pursuant  to  the  NY  Wage  Theft  Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.       This Court has original federal question jurisdiction over this controversy under 29 U.S.C.  §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.       Plaintiff Ji Zhao is an individual residing in Queens, New York.

2

8.    Plaintiff Ji Zhao was employed by Defendants as a Teriyaki chef at Defendants' restaurant located at 260 Jericho Turnpike, Syosset, New York, 11791 from approximately June 2017 to on/about June 10, 2018.

9.    Plaintiff Wei Zhong Feng is an individual residing in Queens, New York.

10.    Plaintiff Wei Zhong Feng was employed by Defendants as a Teriyaki chef at Defendants' restaurant located at 260 Jericho Turnpike, Syosset, New York, 11791 from on/about June 23, 2017 to June 10, 2018.

## DEFENDANTS

### Corporate Defendant

11.    Upon information and belief, Sawa Sushi 88 Inc., a/k/a Sawa Sushi, is a domestic business corporation organized under the laws of the State of New York with a principal business address at 260 Jericho Turnpike, Syosset, New York, 11791 ("Corporate Defendant" or "Defendant Corporation").

12.    Upon information and belief, Corporate Defendant had more than eighteen (18) employees.

13.    Upon information and belief, Corporate Defendant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14.    Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce.

15.    Corporate Defendant has employees, including Plaintiffs, engaged in commerce by working on and handling goods moved in commerce.

3

16.    At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

17.    Upon information and belief, Defendant Hu Ming Zheng, a/k/a "Vincent" is the owner, officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendant.

18.    Upon information and belief, Defendant Vincent owns the stock of Corporate Defendant and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work.

19.    Upon information and belief, Defendant KiKi Wu is the owner, officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendant.

20.    Upon information and belief, Defendant KiKi Wu determined the wages and compensation of the employees of Corporate Defendant, including Plaintiffs, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

21.    Upon information and belief, Defendant KiKi Wu owns the stock of Corporate Defendant and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work.

22.    At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

23.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation, and failed to provide Plaintiffs a wage notice at the time of hiring and to provide Plaintiffs correct wage statement with every payment of wages in violation of the NYLL.

24.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

25.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.    Defendants knew that the nonpayment of minimum wage, overtime pay, failure to provide the required wage notice at the time of hiring, and failure to provide the required wage statement with every payment of wages would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

27.    Defendants employ an elaborate scheme to dock the wages of their employees. The Plaintiffs, as well as other employees of the Defendants, were never asked to track the number of hours they worked. Defendants indeed did not adopt any mechanism to track employees' hours worked. Instead, Defendant KiKi Wu would regularly fabricate the employees' time receipts, and

5

require Defendants' employees, including the Plaintiffs, to sign the time receipts that do not reflect the number of hours they actually worked.

28.    Consistent with the practice described above, Defendants maintained a payroll record that only reflects 40 hours of work done by the Plaintiffs regardless of the actual number of hours they worked. Plaintiffs' compensation was also not calculated based on the number of hours they worked but a fixed sum as further set forth below.

### *Plaintiff Ji Zhao*

29.    From approximately June 2017 to on or about June 10, 2018, Defendants hired Plaintiff Ji Zhao to work as a Teriyaki chef for Defendants' restaurant located at 260 Jericho Turnpike, Syosset, New York, 11791.

30.    Plaintiff Ji Zhao was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

**Period One: from on or around June 2017 to on or around August 2017**

31.    During this period, Plaintiff Ji Zhao generally worked six days week with one day off on Tuesday. He routinely worked from around 11:00 a.m. to around 10:00 p.m. with a one-and-a-half-hour break on Mondays through Thursdays.  Plaintiff Zhao therefore worked around 9.5 hours per day on Mondays through Thursdays. On Fridays and Saturdays his hours ran from around 11:00 a.m. to 11:00 p.m. Plaintiff Ji Zhao, however, would only have a one-and half-hour break on Fridays but not on Saturdays. As a result, Plaintiff Ji Zhao worked about 10.5 hours on

Fridays and 12 hours on Saturdays. On Sundays, Plaintiff Ji Zhao's hours ran from around 2:00 pm to 10:00 pm without any break. Plaintiff Ji Zhao therefore worked around 8 hours on Sundays. As a result, Plaintiff Ji Zhao worked approximately 59 hours per week during this stated period of time.

**Period Two: from on or around September 2017 to on or around April 2018**

32.      During this period, in addition to his primary job duty as a chef, Plaintiff Ji Zhao was also tasked with driving the employees to and back from work on one (1) of his work days. On the one (1) day that he had to provide transportations to fellow employees, his work day would start with picking up the employees at around 10: 15 a.m. first near 136-93 37th Avenue, Flushing, New York 11354 and then along Kissena Boulevard in Flushing. The group would arrive at the restaurant around 11:00 a.m.  At the end of his work day, he would drive others back to Flushing and end his work day at around 11: 10 p.m. Plaintiff Ji Zhao therefore worked an extra 1.92 hours on one (1) day of his work week.

33.      Except working extra hours due to the transportation duty as described above, Plaintiff Ji Zhao's hours worked otherwise remained the same as described in Period One. As a result, Plaintiff worked around 60.92 per week during this period.

**Period Three: from on or around May 2018 to on or around June 10, 2018**

34.      During this period, Plaintiff Ji Zhao still worked six (6) days per week. During this stated period of time, Plaintiff Ji Zhao was also required to drive other employees to and back from work on all *six* (6) of his work days in addition to his primary work duty as a chef. As described above, the additional transportation duty would cause Plaintiff Ji Zhao to work an extra 1.92 hours

per day. As a result, Plaintiff Zhao worked a total of additional 11.52 hours per week due to the transportation duty.

35.    For his primary duty during this period, Plaintiff Ji Zhao worked similar hours as described in Period I and II. Specifically, on Mondays through Thursdays, he worked from around 11: 00 a.m. until 10:00 pm, on Fridays and Saturdays, he worked until 11:00pm; on Sundays, he worked until 10:00 pm. For this period, Plaintiff Ji Zhao worked without a break on Saturdays and Sundays; he was provided a one-hour-and-half break (from 3:00pm to 4:30pm) on weekdays except that on one week day he was required to drive to Restaurant Depot to make purchases for the restaurant during his scheduled break. Plaintiff Ji Zhao therefore worked around 72.02 hours per week for this stated time period.

36.    Throughout his employment with Defendants, Plaintiff Ji Zhao was not required to punch time card or otherwise to track his work hours.

37.    Throughout his employment with the Defendants, regardless of the number of hours he worked, Plaintiff Ji Zhao was paid at fixed rate of eight hundred dollars ($800.00) per week, with seven hundred dollars ($700.00) by check and one hundred dollars ($100.00) in cash.

38.     Plaintiff Ji Zhao did not receive extra compensation in exchange for his performed driving services for the sole benefit of the restaurant.

39.    Throughout his employment with Defendants, Plaintiff Ji Zhao was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

40.    Throughout his employment with Defendants, Plaintiff Ji Zhao was not overtime-exempt under federal and state laws.

41.     For each pay period, Defendants did not provide Plaintiff Ji Zhao with proper wage statement listing the regular hourly rate, the overtime hourly rate, the number of regular hours worked, and the number of overtime hours worked.

42.     Plaintiff Ji Zhao was promised one-week paid vacation for eight hundred dollars ($800.00). Instead, Plaintiff Ji Zhao only received three hundred ($300.00).

### *Plaintiff Wei Zhong Feng*

43.     From June 23, 2017 to June 10, 2018, Defendants hired Plaintiff Wei Zhong Feng to work as a chef for Defendants' restaurant located at 260 Jericho Turnpike, Syosset, New York, 11791.

44.     Plaintiff Wei Zhong Feng was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

45.     Throughout his employment with Defendants, Plaintiff Wei Zhong Feng worked six (6) days per week with Monday off and he worked the following hours: from around 11:00 am to around 10:00 pm on Tuesdays, Wednesdays and Thursdays; from around 11:00 am to around 11:00 pm on Fridays and Saturdays; from around 2:00 pm to around 10:00 pm on Sundays. On Saturday and Sunday, Plaintiff Wei Zhong Feng was provided no break period; on other week days, he was provided a break period between 3:00 pm to 4:30 pm. As a result, Plaintiff Wei Zhong Feng worked about fifty-nine (59) hours per week.

46.     Throughout her employment with Defendants, Plaintiff Wei Zhong Feng was not required to punch time cards or otherwise to track his work hours.

9

47.    Throughout his employment with the Defendants, regardless of the number of hours he worked, Plaintiff Wei Zhong Feng was paid at fixed rates allocated as follows: from June 23, 2017 to December 31, 2017, eight hundred and fifty dollars ($850.00) per week with seven hundred dollars ($700.00) paid by check and one hundred and fifty dollars ($150.00) paid in cash; from January 2018 to June 10, 2018, eight hundred and seventy-five dollars ($875.00) per week, all paid in cash.

48.    Throughout his employment with Defendants, Plaintiff Wei Zhong Feng was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

49.    Throughout his employment with Defendants, Plaintiff Wei Zhong Feng was not overtime-exempt under federal and state laws.

50.    Defendants did not provide Plaintiff Wei Zhong Feng with every wage payment a correct wage statement listing the regular hourly rate, the overtime hourly rate, the number of regular hours worked, and the number of overtime hours worked.

51.    Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

52.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

53.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant located at 260 Jericho Turnpike, Syosset, New York, 1179, for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

54.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than eighteen (18) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

55.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

56.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either

inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

57.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

58.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants failed to provide the Collective Action Members with wage statements with every payment of wages.

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

59.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

60.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

61.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

62.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number

13

is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

63.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

64.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

65.    A class action is superior to other available methods or the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation

14

would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

66.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

67.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

15

c. Whether Defendants maintained a policy, pattern and/or practice of failing to provide Plaintiffs and the Rule 23 Class wage statements with every payment of wages as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

68.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

69.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

70.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

71.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

16

72.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. §207(a).

73.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

74.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime premiums violated the FLSA.

75.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

76.    The FLSA and supporting regulations required employers to notify employees of employment law requiring employers to notify employment law requirements. 29 C.F.R. §516.4.

77.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

78.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiffs and the Rule 23 Class]

79.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80.   Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

81.   Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime premiums violated the NYLL.

82.   Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

## COUNT III

### [Violations of the Fair Labor Standards Act—Minimum Wage

### Brought on behalf of Plaintiff Zhao and the FLSA Collective]

88.   Plaintiff Yang re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.   At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff Yang is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

90.     At all relevant times, Defendants employed "employees" including Plaintiff Zhao, within the meaning of FLSA.

91.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

92.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

93.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff Zhao, and the collective action members, for some or all of the hours they worked.

94.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

95.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff Zhao and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff Zhao and Collective Action members.

## COUNT IV

### [Violation of New York Labor Law --- Minimum Wage

### Brought on behalf of Plaintiff Zhao]

96.     Plaintiff Zhao re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     At all relevant times, Plaintiff Zhao was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

98.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

99.     Defendants knowingly and willfully violated Plaintiff Zhao's rights by failing to pay him minimum wages in the lawful amount for hours worked.

## COUNT V

### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

100.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

102.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

103.    Defendants not only did not provide notice to each employee at Time of Hire but

also failed to provide such notice to Plaintiffs thereafter.

104.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI

### [Violation of New York Labor Law—New York Pay Stub Requirement]

105.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

106.    The NYLL and supporting regulations require employers to furnish employees who are not exempt from overtime compensation with a wage statement including the regular hourly rate, the overtime hourly rate, the number of regular hours worked, and the number of overtime hours worked. NYLL §195-3.

107.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to overtime compensation of each Plaintiff and did not provide each Plaintiff with correct wage statement.

108.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

21

## COUNT VII

## [Violation of New York Labor Law—Spread of Hours

### Brought on behalf of Plaintiffs]

109.    The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

110.    Throughout his employment with the Defendants, Plaintiff Ji Zhao routinely worked a "spread of hours" of more than 10 hours per day.

111.    Throughout his employment with the Defendants, Plaintiff Wei Zhong Feng routinely worked a "spread of hours" of more than 10 hours per day.

112.    Despite the fact that Plaintiffs routinely worked a "spread of hours" greater than 10 hours per day throughout their employment with the Defendants, Defendants did not pay Plaintiffs any additional compensation as required by the regulations.

113.    Defendants' failure to pay spread of hours compensation was willful and intentional.

### Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been

22

employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)     Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)     Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

f)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)     An award of unpaid minimum wages, overtime and spread of hours due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage

23

Theft Prevention Act, and interest;

i)     An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law;

j)     An award of damages for Defendant's failure to provide correct wage statements with every payment of wages as required under the New York Labor Law;

k)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)     The cost and disbursements of this action;

n)     An award of prejudgment and post-judgment fees;

o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York August 15, 2018

Hang & Associates, PLLC


*/s Xiaoxi Liu*
XIAOXI LIU, ESQ.

136-20 38TH AVE., SUITE 10G
FLUSHING, NEW YORK 11354
TEL: 718.353.8588
xliu@hanglaw.com
*Attorney for Plaintiffs*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by SAWA SUSHI 88 Inc., Hu Ming Zheng, Kiki Hu and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Wie. zhong. Feng_
Full Legal Name (Print)

_Feng_
Signature

_6/19_
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by SAWA SUSHI 88 Inc., Hu Ming Zheng, Kiki Hu and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_____
Full Legal Name (Print)

_____
Signature

_____
Date